## PHILADELPHIA TRACTION CO. v. LIGHTCAP.

(Circuit Court of Appeals, Third Circuit. May 21, 1894.)

No. 11.

HORSE AND STREET RAILROADS—NEGLIGENCE—COLLISION—INSTRUCTIONS.

Where, in an action against a street-car company for injury caused by a collision, defendant asks an instruction to the effect that, if plaintiff stopped his horse near the car, and the car then started with the horse in a position of safety, and the horse became unmanageable from having been scared by the ringing of the gong, and jumped in front of the car before it could be stopped, this would not be negligence, it is proper to modify the instruction by adding that if the horse was in a state of alarm, and the gong was rung violently, and so near to the horse as to produce greater alarm, and cause the accident, that might be negligence.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by John A. Lightcap against the Philadelphia Traction Company for personal injuries. Plaintiff obtained judgment. Defendant brings error.

Thomas Leaming, for plaintiff in error.

S. Morris Waln and John W. Westcott, for defendant in error.

Before ACHESON, Circuit Judge, and BUTLER and GREEN, District Judges.

BUTLER, District Judge. The plaintiff below, Lightcap, sued for injuries sustained by a collision with the defendant's cars, while crossing its tracks on Market street. His statement avers that he was driving up Eleventh street, on March 24, 1893, and that on reaching Market street, and seeing it was "blocked with wagons, he stopped on the side until he could get an opportunity to cross; that when he saw he could cross in safety, and was ordered by a policeman to proceed, he drove on, and when he reached the railroad tracks he was struck by a car carelessly and negligently operated by the servants of the company; that the car had stopped, or was in the act of stopping, about twenty feet from the point where he was crossing, when, although the servants of the company saw him crossing, they carelessly, negligently, and suddenly started the car in motion, causing it to crash into his wagon, throwing him out with great violence," and seriously injuring him.

This was the cause of action which the plaintiff sought to establish, and which his testimony (though contradicted by the defendant's) tended to prove. After the evidence had been closed, the defendant injected another issue, by presenting the following point:

"(5) If the jury believe that the plaintiff stopped when both vehicles were very close to the intersection of the two tracks, and that the train proceeded with the plaintiff's horse in a position of safety, and that the horse then became unmanageable from having been scared by the ringing of the gong or other cause, and jumped in front of the cable train before it could be stopped, this is not evidence of negligence, and your verdict should be for the defendant."

The court answered as follows:

"I affirm that, with this qualifying suggestion, that if you find from the evidence—and I leave that to you, without any intimation of my own about it—

that this horse was in a state of excitement and alarm, and the ringing of the bell was done violently and so near to it as to produce greater alarm and to bring about the accident, that might be negligence; but, as I remember the evidence, gentlemen, it was that the horse was then standing with his head a short distance from the track; that he was, as some of the witnesses say, trembling, and, as others say, quiet and docile. The gripman, who says he was trembling, excited and scared, says that he pulled the bell, and I remember his motion distinctly, that way. [Indicating a moderate single pull.]

"Now, gentlemen, the facts are for you. I state my recollection of them only to aid you, not to control you. It is for you to say what the facts were. If from the facts there is any reason to say that in the act of ringing the bell, which ordinarily is a duty to give notice, there was any negligence, that is, in the manner, at the time, and under the circumstances of the ringing. But with that explanation, and subject to that, I affirm this point."

To this answer the defendant excepted, and assigned it as error.

We are not called upon to determine whether the point might not properly have been rejected. Its affirmance without qualification would certainly have been error. It asked the court to say that if the horse "became unmanageable from the ringing of the gong." under the circumstances stated, and thus caused the accident, "the verdict should be for the defendant." One of these circumstances, (on which the conclusion of the point is based,) is that the "horse was in a position of safety" at the time. The jury could not, however, so find; the defendant's own evidence forbids it. He was standing within three or four yards of the track, where the car must pass, trembling with fright, as the gripman testifies. His position, when the car moved, and the gong sounded, could not, therefore, be found to be one of safety. It was clearly one of peril. And yet the court is asked to say that the jury may find otherwise, and predicate upon it instruction that the sounding of the gong was not carelessness—without any regard to the character of such sounding. This certainly would not have been justifiable. It was for the jury to determine whether, under all the circumstances existing at the time, the defendant observed proper care. These circumstances were: The terrified horse, standing close to the tracks, and near the car, which must pass immediately by his head, if moved; the starting of the car and sounding of the gong—whether moderately or immoderately (in view of the circumstances) as might be found. It was for the jury to consider whether it was proper to start the car before the plaintiff had gotten away; if it was, whether it was necessary to sound the gong at that moment; and if it was necessary, then whether it was sounded immoderately in view of the circumstances, either in loudness or duration. While it is a duty of railroad companies to give warning at the approach of crossings, the duty may be, and sometimes is, modified by circumstances.

It was therefore the duty of the court in affirming the point to invite attention to the existing conditions, and leave the jury to determine whether the conduct of the defendant's servants was careless or not. This in substance is what was done. The word "violently," used in connection with the ringing, did the defendants no injustice. It was used in a comparative sense, with reference to the

circumstances. What would be moderate ringing under some circumstances might be immoderate or violent under others. The character of the ringing upon this occasion, was, as before stated, for the jury to determine from the evidence. It was loud enough and continuous enough, according to the defendant's testimony, to increase the horse's terror, render him ungovernable, and cause the accident. But even if the use of the term here would be objectionable in the absence of what the court subsequently said in closing its instructions on this subject, it is not so when read in that connection. The court there said:

"If from the facts there is reason to say that in the act of ringing the bell, which ordinarily is a duty to give notice, there was any negligence, —that is, in the manner, and at the time, and under the circumstances, you may find negligence. With that explanation, and subject to that, I affirm this point."

The answer was as favorable as the defendant was entitled to. The judgment is therefore affirmed.